**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL10048

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

| | |
|---|---|
| Rachael N. Bell, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| Kamil Knap and EPA USA, Inc., | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Rachael N. Bell, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendants Kamil Knap and EPA USA, Inc. as follows:

### INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

1. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

2. This Court has jurisdiction over defendants Kamil Knap and EPA USA, Inc. because they regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

3. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

4. Plaintiff Rachael N. Bell ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Kings County, New York.

5. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

6. Defendant EPA USA, Inc. ("EPA") is a company existing under the laws of the State of Arizona, with its principal place of business in Phoenix, Arizona.

7. EPA has transacted business within this state as is more fully set forth hereinafter in this Complaint.

8. EPA regularly collects or attempts to collect debts asserted to be owed to others.

9. EPA is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. The principal purpose of EPA's businesses is the collection of such debts.

11. EPA uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

12. EPA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Upon information and belief, Defendant Kamil Knap ("Knap") is the President/Director of EPA, responsible for the overall operation of EPA, including EPA's collection activities complained of herein.

14. Knap has transacted business within this state as is more fully set forth hereinafter

in this Complaint.

15. Knap regularly collects or attempts to collect debts asserted to be owed to others.

16. Knap is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

17. The principal purpose of Knap's businesses is the collection of such debts.

18. Knap uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

19. Knap is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

20. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

21. Defendants allege Plaintiff owes $440.81 to EPA. ("the alleged Debt").

22. Plaintiff did not owe $440.81 ("the Claimed Amount") to EPA.

23. Plaintiff did not owe money to EPA.

24. Plaintiff was never indebted to EPA.

25. Plaintiff did not owe the alleged Debt to EPA.

26. EPA USA, Inc. never offered to extend credit to Plaintiff.

27. EPA USA, Inc. never extended credit to Plaintiff.

28. Plaintiff was never involved in any transaction with EPA.

29. Plaintiff never entered into any contract with EPA.

30. Plaintiff never did any business with EPA.

31. EPA is a stranger to Plaintiff.

32. The alleged Debt does not arise from any business enterprise of Plaintiff.

33. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

34. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

35. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

36. Upon information and belief, Defendants caused correspondence to be received by Plaintiff on or about February 22, 2021. (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1**.")

37. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

38. The Letter conveyed information regarding the alleged Debt.

39. The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692g, 1692e and 1692e(10)**

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41. 15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

42. 15 U.S.C. § 1692g(a) further provides that the consumer has certain rights so long as such are exercised within thirty days after the consumer's *receipt* of the notice.

43. It is a violation of the FDCPA to shorten the thirty-day validation period.

4

44. Rather than provide Plaintiff thirty days after receipt of the notice to dispute the validity of the debt, the Letter states that any such dispute must be made by the arbitrary date, March 19, 2021, or Plaintiff will forfeit her rights.

45. Defendants unlawfully shortened Plaintiff's thirty-day validation period.

46. As such, Defendants violated 15 U.S.C. § 1692g.

47. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

49. Defendants' statement that Plaintiff was required to dispute the debt by March 19, 2021, is patently false.

50. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g, 1692e and 1692e(10), and are liable to Plaintiff therefor.

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2)**

51. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

52. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

53. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

54. To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

55. A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

56. As set forth in paragraphs 21-31 of this Complaint, Plaintiff did not owe the Claimed Amount.

57. As such, Defendants did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

58. In sum, Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

59. As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

60. To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

61. A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

62. As set forth in paragraphs 21-31 of this Complaint, Plaintiff did not owe money to EPA.

63. As such, Defendants did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

64. In sum, Defendants' statement that EPA USA, Inc. was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to EPA, violates 15 U.S.C. § 1692g(a)(2).

65. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2) and are liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

66. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

67. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

68. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

69. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

70. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

71. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

72. As set forth in paragraphs 21-31 of this Complaint, Plaintiff did not owe the Claimed Amount.

73. As set forth in paragraphs 21-31 of this Complaint, Plaintiff did not owe money to EPA USA, Inc.

74. As such, Defendants' allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

75. Defendants' allegation that Plaintiff owed money to EPA is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

76. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

77. Defendants' allegation that Plaintiff owed money to EPA is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

78. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

79. Defendants' allegation that Plaintiff owed money to EPA is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

80. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

81. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

82. Plaintiff seeks to certify a class of:

> i. All consumers to whom Defendants sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

83. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

84. The Class consists of more than thirty-five persons.

85. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

86. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

87. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

### JURY DEMAND

88. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

    c.  Finding Defendants' actions violate the FDCPA; and

    d.  Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

    e.  Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

    f.  Awarding the costs of this action to Plaintiff; and

    g.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

    h.  Such other and further relief that the Court determines is just and proper

DATED: April 2, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: <u>s/ *David M. Barshay*</u>
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL10048
*Attorneys for Plaintiff*